Derrick Talerico (SBN 223763)
dtalerico@ztlegal.com
Zolkin Talerico LLP
12121 Wilshire Blvd., Suite 1120
Los Angeles, California 90025
Telephone: (424) 500-8552

Attorneys for Benjamin Kirk

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re, | Case No. 2:18-cv-08645-R |
| LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation, | Bankr. Case No. 2:16-bk-13575-ER |
| | Adv. No. N/A |
| Debtor and Debtor-in-Possession. | Chapter 11 |
| | **APPELLANT BENJAMIN KIRK'S OPENING BRIEF** |
| BENJAMIN KIRK | |
| Appellants, | |
| vs. | |
| UNSECURED CREDITORS' COMMITTEE, | |
| Appellee. | |

## I. INTRODUCTION

This is an appeal from a bankruptcy court order approving the final fee application of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel to the Official Committee of Unsecured Creditors (the "Committee") in the Liberty Asset Management Corporation (the "Debtor") bankruptcy proceeding. Benjamin Kirk, the Debtor's former CEO, objected to the allowance of the PSZJ on the basis that they were not reasonable. The bankruptcy court overruled Kirk's objection, finding that the fees were reasonable. *Order*, Docket No. 805, incorporating Docket No. 767. This is an appeal of that order.

## II. JURISDICTION

This court has jurisdiction under 28 U.S.C. § 158(a) to hear an appeal from a final judgment of the bankruptcy court.

## III. STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error and conclusions of law are reviewed *de novo*. *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1063 (9th Cir. 2002). The bankruptcy court's attorneys' fee determination will be reversed if the court abused its discretion or erroneously applied the law. *Id.* A district court may, "affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

## IV. ISSUES ON APPEAL

Kirk presents the following issues on appeal:

(1) Whether the Bankruptcy Court committed an error of law or made a clearly erroneous finding of fact in deciding that the Pachulski Stang Ziehl & Jones LLP fees were reasonable pursuant to 11 U.S.C. § 330(a);

(2) Whether the Bankruptcy Court committed an error of law or made a clearly erroneous finding of fact by failing to employ the lodestar approach in determining that the Pachulski Stang Ziehl & Jones LLP fees were reasonable pursuant to 11 U.S.C. § 330(a).

V. **DISCUSSION**

PSZJ was counsel to the Committee in the Debtor's bankruptcy proceeding from which this appeal was taken. During the two year administration of the bankruptcy case, PSZJ billed over 4,000 hours of time on account of ordinary case administration and many case-specific issues that arose, resulting in fees of $3,055,998.50. *Fee Application*, Docket No. 726.

As counsel to the Committee, PSZJ is entitled to recovery of a reasonable fee for actual and necessary services. In its ruling, the bankruptcy court appropriately identifies the statutory legal standard for a determination of reasonable compensation, citing 11 U.S.C. § 330(a)(3):

> In determining the amount of compensation to award, the Court considers the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title

*Tentative Ruling*, p.4, Docket No. 767 (incorporated by *Order*, Docket No. 805). The bankruptcy court also cites to the mechanic by which these (and all) relevant factors are tested in the Ninth Circuit:

> In determining the amount of allowable fees under §330(a), courts within the Ninth Circuit rely upon the lodestar approach. Under the lodestar approach, the "initial estimate of a reasonable attorney's

> fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Adjustments to that fee then may be made as necessary in the particular case." Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544, 79 L. Ed. 2d 891 (1984).

*Tentative Ruling*, p.5, Docket No. 767 (incorporated by *Order*, Docket No. 805).

Kirk agrees with the legal standard the bankruptcy court endorsed. What Kirk takes issue with, is the bankruptcy court's application of the legal standard. Kirk's appeal contends that the bankruptcy court erroneously applied the law by: (1) concluding it was reasonable for PSZJ not to assign a junior or mid-level attorney to do any of the tasks done by PSZJ in the case; and (2) failing to employ the lodestar mechanic it had identified and endorsed as the means to determine, "an initial estimate of a reasonable attorney's fee."

**(1) <u>It was not reasonable for PSZJ to staff the case exclusively with partners or partner-level attorneys</u>.**

Kirk objected to the allowance of PSZJ's fees on the basis that is was not reasonable for PSZJ to exclusively staff this case with partner or partner-level attorneys. In concluding that it was reasonable for PSZJ to staff over 4,000 hours of attorney time with exactly zero hours billed by an associate, the bankruptcy court cited to four rulings and decisions made during the case to illustrate its complexity, which justified the PSZJ staffing decision. *Tentative Ruling*, p.5, Docket No. 767 (incorporated by *Order*, Docket No. 805).

But in a bankruptcy case spanning two years, with over 800 docket entries, and more than a dozen adversary proceedings, citing to four complex determinations made by the court does not allow for a conclusion that there was *no* billable work that would reasonably require the hand of a less senior and expensive attorney. Indeed, there is probably no such thing as a corporate chapter 11 bankruptcy case that does not have some routine aspect to a creditors' committee representation. By making this conclusion, the bankruptcy court applied the applicable legal standard in error. It simply cannot be said that only partner-level

attorneys were qualified to bill each of the over 4,000 hours worked in this case. It defies logic and reason and is reversible error.

### (2) The bankruptcy court failed to employ the *lodestar* mechanic employed in the Ninth Circuit to analyze the reasonableness of legal fees..

Kirk also appeals the ruling allowing PSZJ's fees because after identifying the Ninth Circuit mechanic – the *lodestar* method – of testing the reasonable ness of fees sought for approval, the bankruptcy court failed to do so. The *lodestar* method requires the court to multiply the number of hours reasonably spent times a reasonable hourly rate.

Kirk did not object to any PSZJ attorney's billing rate. But because all but 110.5 of the 4,000 hours billed were billed by attorney's with more than twenty years of practice, the firm's blended billing rate for the case come to $753.73. This blended rate was far in excess of the blended hourly rate of the debtor's counsel (Levene, Neal, Bender, Yoo, and Brill LLP) which came to $479.17, in large part because the debtor's counsel assigned junior and mid-level attorneys to tasks when appropriate.

If the bankruptcy court had done a *lodestar* analysis, it would have had to apply a blended hourly rate less than that the partner-level only rate of $753.73, which would have resulted in a fee lower than that which was applied for and approved. With the results of the *lodestar* analysis in hand, the bankruptcy court may have concluded the requested fees were unreasonable. But we cannot know what the bankruptcy court would have decided, as it did not do a *lodestar* analysis. Failure to apply the legal standard it identified, was an erroneous application (or lack thereof) of the law and is reversible error.

### (3) Conclusion.

Because the bankruptcy court committed reversible error in its application of the legal standard for fee approval and failed to employ the *lodestar* method, this

court should overrule the *Order,* Docket No. 805, and remand the motion for PSZJ fee approval (*Motion*, Docket No. 726) for reconsideration and application of the *lodestar* method.

Dated:  December 10, 2018          ZOLKIN TALERICO LLP

                                   By:   */s/ Derrick Talerico*
                                         Derrick Talerico
                                         Attorneys for Benjamin Kirk

APPELLANT KIRK'S OPENING BRIEF

# PROOF OF SERVICE OF DOCUMENT

I, Martha Araki, declare that I am over the age of 18 and not a party to this action. I am employed in the County of Los Angeles, State of California, in the office of a member of the Bar of this Court, at whose direction the service was made. My business address is 12121 Wilshire Boulevard, Suite 1120, Los Angeles, California 90025.

On December 10, 2018, at the direction of Derrick Talerico, I served the foregoing document(s) entitled: **APPELLANT BENJAMIN KIRK'S OPENING BRIEF** in the manner set forth below:

[X] **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foreoing document will be served by the court via NEF and hyperlink to the document. On December 10, 2018, I checked the CM/ECF docket for this proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Attorney for Appellee, Official Committee of Unsecured Creditors:  Gail S. Greenwood   ggreenwood@pszjlaw.com; Jeremy V. Richards   jrichards@pszjlaw.com
- Attorney for Appellant, Benjamin Kirk:  Derrick Talerico   dtalerico@ztlegal.com

[ ] **SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope and deposited with the United States Postal Service in Castaic, California, with First Class postage thereon fully prepaid, and addressed as follows.

[X] **SERVED BY OVERNIGHT DELIVERY OR PERSONAL SERVICE:** On December 10, 2018, I served the following persons and/or entities by personal delivery or overnight mail service by depositing true and correct copies of the above document(s) in an envelope or package designated by said service with delivery fees paid and placing same in a box or other facility regularly maintained by: [  ] GSO OVERNITE; [ ] U.S. EXPRESS MAIL SERVICE; [  ] FEDERAL EXPRESS; [X] PERSONAL SERVICE.

The Honorable Manuel L. Real
United States District Court
Edward R. Roybal Federal Building
255 E. Temple St., 8th Floor
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED on December 10, 2018, at Castaic, California.

_Martha E. Araki_
Martha Araki, Declarant